**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LOUIS ROBENSON,**

    **Plaintiff,**

**vs.**                                                         **Case No. 4:08cv562-RH/WCS**

**WALTER A. McNEIL,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated within the Florida penal system and proceeding *pro se*, has filed a document entitled, "petition for peremptory writ of mandamus." Doc. 1. He also seeks to proceed with *in forma pauperis* status. Doc. 2.

In this civil action, Plaintiff requests an order requiring the Florida Supreme Court to "perform a ministerial duty," a duty which is not clearly explained. At any rate, it is clear that Plaintiff has filed a civil case, seeking an order from this Court.

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had three or more prior prisoner actions dismissed in this Court on the grounds that they were frivolous, malicious, or failed to state a claim.  The dismissed cases include cases numbered 3:98cv279, 3:98cv438, and 3:98cv427, dismissed prior to service for failure to comply with a court order and failure to prosecute; and cases numbered 3:98cv280, 3:98cv485, 3:98cv86, 3:98cv292, and 3:98cv490 were similarly dismissed prior to service for abuse of the judicial process.  Cases dismissed as being abusive of the judicial process fall within the category of malicious cases.  Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).  The Eleventh Circuit has held that a strike may be imposed when a prisoner fails to truthfully and/or completely disclose prior lawsuits.  Rivera, 144 F.3d at 731.  Such actions are abuse of the judicial process and, whether or not characterized by the court in the dismissal order as "frivolous" or "malicious," it is a strike.  144 F.3d at 731.

The instant complaint does not allege that Plaintiff is in any danger.  Rather, it simply seeks an order directing the Florida Supreme Court to take action on Plaintiff's behalf.  Plaintiff's allegations do not bring him within the "imminent danger" exception to the § 1915(g) bar.  Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, his request to proceed *in forma pauperis* should be denied and this action should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on December 24, 2008.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**